## ARMSTRONG, CATOR & CO. *vs.* PEASE.

A voluntary agent without reward is only liable for gross neglect in and about the business of his principal. An agent who has discharged his duty is entitled to all necessary expenses incurred in the execution of his agency.

(a). It follows that when, on the written request of a person in Savannah for a first-class milliner, a firm in Baltimore sent out a milliner who proved unsatisfactory, a suit to recover the expenses of sending her to Savannah would involve not only the question of her competency, but the nature of the agency—whether for reward or not—the diligence used, and what expenses were necessarily incurred.

Principal and agent. Before Judge FLEMING. Chatham Superior Court. March Term, 1880.

Reported in the decision.

COLLIER & CHARLTON, for plaintiffs in error.

GEO. A. MERCER, for defendant.

CRAWFORD, Justice.

The defendant in error sued out a writ of *certiorari* to correct several errors which he alleged to have been committed by the justice of the peace upon the trial of a case involving his liability, upon an open account, to the firm of Armstrong, Cator & Co. The judge, upon hearing the *certiorari*, held with the justice in all his rulings except one, and upon that remanded the case for a new trial, to which said decision on 'this single point the plaintiffs in error excepted.

The facts appear by the record to be, that Henry W. Pease wrote a letter dictated by his wife, who carried o n in the city of Savannah, in her own name, a millinery establishment, though it belonged to him, to the plaintiffs residing in Baltimore, to supply the establishment

with a first-class milliner. The plaintiffs sent, as they insist, one of the class desired, and advanced her $27.50 to pay her expenses by rail. Upon trial by defendant she failed to give satisfaction, and he refuses to pay the money advanced, whereupon this suit was brought to compel the payment thereof.

The grounds of the defense were, the incompetency of the person sent, and that she should have been sent by steamer instead of by rail. The justice of the peace held that under the law the defendant was liable whether she was competent or incompetent for the work to be done, and for that decision the judge below ordered a new trial.

The testimony introduced upon the trial shows that the plaintiffs were only the voluntary agents of the defendant, without hire or reward, and such agents are only liable when they are guilty of gross neglect in and about the business of their principal. Code, §2185.

Besides, an agent who has discharged his duty is entitled to all necessary expenses incurred in the execution of his agency. Code, §2190.

So that there was no error in the ruling of the judge upon the *certiorari*, as it should have been sent back, not only to correct the erroneous judgment of the justice, but that the questions of diligence, of compensation to plaintiffs as agents, and expenses necessarily incurred, should have been considered in connection with that of competency, as they were all involved.

· Judgment affirmed.